FILED

**NOT FOR PUBLICATION**

SEP 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE PIEDAD SOLORIO, | No. 10-15702 |
| Petitioner - Appellant, | D.C. No. 3:06-cv-04641-MHP |
| v. | |
| MIKE EVANS, Warden; J. DOVEY, Director, California Department of Corrections and Rehabilitation, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Submitted August 29, 2011[**]
San Francisco, California

Before: FISHER and RAWLINSON, Circuit Judges, and WRIGHT, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Otis D. Wright, II, District Judge for the U.S. District Court Central District of California, sitting by designation.

Petitioner Jose Solorio challenges the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Solorio contends that he was denied due process because the trial court declined to instruct the jury that the prosecution had the burden of disproving Solorio acted in self-defense.

Viewing the instructions as a whole, we hold that no "substantial and injurious effect or influence on the verdict" occurred. *Pulido v. Chrones*, 629 F.3d 1007, 1012 (9th Cir. 2010) (citation omitted). Indeed, the trial court repeatedly reiterated the prosecution's burden to prove Solorio's guilt beyond a reasonable doubt. Thus, the California Court of Appeal's rejection of Solorio's due process claim was not "contrary to," nor did it "involve[] an unreasonable application of, clearly established Federal law . . . ." 28 U.S.C. § 2254(d)(1), *see also Pulido*, 629 F.3d at 1012 (explaining that habeas relief is not appropriate unless the asserted instructional error has "a substantial and injurious effect or influence on the verdict . . .").

**AFFIRMED.**